KNOCH v. BERNHEIM et al.

(Supreme Court, Appellate Division, First Department. February 19, 1897.)

FRAUDULENT CONVEYANCES—EVIDENCE.

    On an issue as to the fraudulent character of a conveyance made by plaintiff's debtor, where the grantee testified that the consideration was the assumption of a mortgage, a check for $4,000, and the cancellation of a debt of $1,500 due the grantee, evidence tending to show that the check was for money belonging to the debtor, on deposit with the grantee, and that the debt was fictitious, was admissible.

Appeal from special term, New York county.

Action by Minna Knoch against Ernestine Bernheim and others. From a judgment dismissing the complaint on the merits, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

Charles Goldzier, for appellant.
Arthur Furber, for respondents.

PATTERSON, J. From a judgment dismissing a complaint on the merits in a creditors' action, the plaintiff appeals to this court. The transaction impeached in the complaint was the transfer of a house and lot in the city of New York by the defendant Ernestine Bernheim to her son-in-law, Bernard Weisl; and it is alleged in the

complaint that such transfer was made with the intent to hinder, delay, and defraud creditors. The plaintiff, on the trial, was compelled to call as a witness the grantee of the property, the defendant Bernard Weisl, and the general tendency of the testimony elicited from that reluctant and hostile witness was of a character to arouse the gravest suspicion as to the bona fide character of the conveyance made to him by his grantor. He claimed that he was a purchaser for value of the premises in question; that the consideration he gave for it was equivalent to the market value of the property, which was $22,000; that that consideration consisted of the assumption by him of a mortgage for $16,500, the payment in cash, by a certified check, of $4,000, and the cancellation and extinguishment of an indebtedness of $1,500 due by his grantor to him. This witness had testified that from time to time, and for some years before the conveyance was made to him, he had had money transactions with his mother-in-law, had received moneys from her, which were left with him on deposit, and that he had advanced moneys to her from time to time to pay interest, and for other purposes, and that he had loaned her money, the amounts of which had been entered in a memorandum book which he had lost or destroyed. In the endeavor of the plaintiff's counsel to ascertain the state of the accounts between the defendant Weisl and Mrs. Bernheim, he was met by what seemed to be evasions or unfortunate lapses of memory of the witness. It was entirely legitimate for the plaintiff to seek to establish by this witness the state of the accounts between himself and Mrs. Bernheim. The evident theory of the plaintiff's case was that the $1,500 indebtedness was fictitious, and that the amount of the certified check represented, in reality, moneys of Mrs. Bernheim which the defendant Weisl had in his possession, and that the whole transaction was merely colorable. Under such circumstances, and with such a witness, the court should have allowed a wide latitude of examination. It was sought to show what was the state of accounts between Mrs. Bernheim and Weisl for a period of some four or five years anterior to the date of the conveyance of the property in question. The witness was asked whether in November, 1889, Mrs. Bernheim had not given him money, and whether in March, 1891, a specific sum of $2,500 was not given by Mrs. Bernheim to him, and what was the largest amount of money he ever received from Mrs. Bernheim during five or six years preceding the transaction of the transfer of the real estate. Every question asked upon that subject was excluded by the court. Under the peculiar circumstances of this case, and in view of the interest of the witness who was under examination, and of the grave suspicion which, upon the testimony, attached to the transaction, it was error to prevent the inquiry which the plaintiff sought to make respecting the transactions between Mrs. Bernheim and her son-in-law for a few years previous to the date of the conveyance attacked; and for this reason the judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.